FILED
FEB 18 2011

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) VET PHARM, INC. ) Defendant. ) ) | CIVIL ACTION NO. 11-4025<br><br>C O M P L A I N T<br>(Jury Trial Demand) |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Sarah Highstrom-Neilan and a class of similarly situated female employees who were adversely affected by such practices. The EEOC alleges that Vet Pharm, Inc. ("Vet Pharm") subjected Highstrom-Neilan and other similarly situated female employees to a sexually hostile work environment. The EEOC further alleges that Highstrom-Neilan was forced to resign her employment as a result of the sexually hostile work environment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of South Dakota.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant, Vet Pharm (the "Employer"), has continuously been an Iowa S corporation doing business in the State of South Dakota and the City of Sioux Falls, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Sarah Highstrom-Neilan filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7.  Since at least 2007, Defendant Employer engaged in unlawful employment practices at its Sioux Falls, South Dakota facility, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a). Among other things, a male employee of Defendant subjected female employees, including Highstrom-Neilan and other similarly situated female employees, to severe and pervasive sexual harassment, including sexually explicit jokes and highly personalized sexual comments which demeaned and humiliated female employees, and which created a sexually hostile work environment. Defendant Employer, despite actual and constructive notice

of the pervasive and ongoing sexual harassment, failed and refused to take prompt and appropriate action to correct the harassment and the resulting hostile environment.

8. As a result of the employment practices complained of in paragraph 7, Highstrom-Neilan was forced to resign her employment.

9. The effect of the practices complained of in paragraphs 7 and 8 above has been to deprive Sarah Highstrom-Neilan and other similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

10. The unlawful employment practices complained of in paragraphs 7 and 8 above were intentional.

11. The unlawful employment practices complained of in paragraph 7 and 8 above were done with malice or with reckless indifference to the federally protected rights of Highstrom-Neilan and other similarly situated female employees of Defendant Employer.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in or tolerating sexual harassment.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to make whole Sarah Highstrom-Neilan, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary in order to eradicate the effects of its unlawful employment practices,

including but not limited to rightful place reinstatement and/or front pay in lieu thereof to Highstrom-Neilan.

D. Order Defendant Employer to make whole Sarah Highstrom-Neilan and similarly situated female employees of Defendant Employer, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, including but not limited to job search expenses, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Sarah Highstrom-Neilan and similarly situated female employees of Defendant Employer by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Sarah Highstrom-Neilan and similarly situated female employees of Defendant Employer punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

P. David Lopez
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

Equal Employment Opportunity Commission
131 M Street, NE
5th Floor
Washington, D.C. 20507
(202) 663-4702

Dated: 2/16/11

John C. Hendrickson
Regional Attorney

Dated: 2/16/11

Jean P. Kamp
Associate Regional Attorney

Equal Employment Opportunity Commission
Chicago District Office
500 West Madison Street, Suite 2000
Chicago, IL 60661
(312) 869-8116

Dated: 2/16/11

Jessica A. Palmer-Denig
Trial Attorney
Equal Employment Opportunity Commission
Minneapolis Area Office
330 Second Avenue South, Suite 720
Minneapolis, MN 55401
Telephone: (612) 334-4010
Fax: (612) 335-4044